UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES JOHN GENCARELLI,

        Plaintiff,

 -v-               CIVIL ACTION NO.: 23 Civ. 8438 (AT) (SLC)

TOTO USA INC.,             **ORDER**

        Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

On May 7, 2024, pro se Plaintiff James Gencarelli ("Mr. Gencarelli") filed a "motion for judgment on the pleadings pursuant to [Federal] Rule [of Civil Procedure] 12(c)."  (ECF No. 31 (the "Motion")).  Having reviewed the Motion, however, the Court construes it as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, "as it is necessary to the resolution of [the Motion] to consider matters outside the pleadings[.]" Chevalier v. Presbyterian Hosp., No. 95 Civ. 2976 (RO), 1995 WL 758593, at *2 (S.D.N.Y. Dec. 26, 1995).  In the Motion, Mr. Gencarelli argues that the alleged facts establishing Defendant's liability "will be proven by documentary evidence, sworn testimony and the court's [] Judicial judgment of the facts presented[.]" (ECF No. 31 at 5).  Mr. Gencarelli also attaches to the Motion several exhibits that are not contained in the pleadings (see ECF No. 31-1), and argues that this "evidence [] unequivocally establishes the defendant's liability for the harm inflicted upon" Mr. Gencarelli. (ECF No. 31 at 8).  See Lopos v. Ruocco, 99 F. Supp. 2d 207, 207 (D. Conn. 2000) ("While it is styled a motion for judgment on the pleadings, [the pro se plaintiff's motion] is actually a motion for summary judgment since it contains matters outside the pleadings.").

Because discovery in this matter is ongoing (see ECF No. 25 at 4), the Motion is premature. See Bristol v. Schenk, No. 14 Civ. 6647 (JFB) (AKT), 2017 WL 9485715, at *4 (E.D.N.Y. July 31, 2017) ("Notwithstanding Plaintiff's desire to engage in summary judgment motion practice, such a motion is premature at this stage of the litigation, particularly since discovery is still ongoing."), adopted by, 2017 WL 4277158 (E.D.N.Y. Sept. 25, 2017). Although Mr. Gencarelli argues that "there are no material issues in dispute" (ECF No. 31 at 10), "the Court has not received any competent evidence demonstrating whether genuine issues of fact are indeed in dispute[.]" Bristol, 2017 WL 9485715, at *4 (in recommending denial of pro se plaintiff's summary judgment motion as premature, noting that "[i]t is only through the completion of the discovery process that the Court will have the benefit of a complete record—consisting of the pleadings, discovery, disclosure materials and any affidavits/declarations—in order to properly test the sufficiency of the evidence in the context of summary judgment motion practice").

Accordingly, the Motion is DENIED WITHOUT PREJUDICE to renewal following the completion of discovery.

The Clerk of Court is respectfully directed to close ECF No. 31.

Dated:     New York, New York
           May 8, 2024

SO ORDERED.

*Sarah L. Cave*
**SARAH L. CAVE**
**United States Magistrate Judge**