UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES JOHN GENCARELLI,

                                  Plaintiff,

-v-                                       CIVIL ACTION NO.: 23 Civ. 8438 (AT) (SLC)

TOTO USA INC.,                               **ORDER**

                                  Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court are pro se Plaintiff James Gencarelli's (i) motion (ECF No. 32 (the "Motion") to compel Defendant to provide further responses to Mr. Gencarelli's interrogatories (ECF No. 27 at 3–4 (the "Interrogatories")) and (ii) request (ECF No. 35 for clarification (the "Request") of the Court's May 8, 2024 Order (ECF No. 33 (the "May 8 Order")), which denied without prejudice to renewal Mr. Gencarelli's May 7, 2024 motion for judgment on the pleadings (ECF No. 31 (the "May 7 Motion")).

Pursuant to the telephone conference held today May 15, 2024 (the "Conference") to discuss these issues, the Court orders as follows:

1. At the Conference, Mr. Gencarelli agreed to withdraw the Interrogatories in lieu of proceeding by a deposition by six (6) written questions (the "Questions"), which he has already delivered to Defendant's counsel.  Accordingly, the Motion (ECF No. 32) is DENIED as moot.  The Interrogatories are deemed WITHDRAWN, and Defendant is required only to respond to the Questions.

2. The Request (ECF No. 35) is GRANTED.  At the Conference, the Court explained to Mr. Gencarelli that, as set forth in the May 8 Order, the Court denied the May 7 Motion

because, although styled as a motion for judgment on the pleadings, it relied on matter outside the pleadings and thus was more properly construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 33 at 1). Because discovery in this matter is ongoing (see ECF No. 25 at 4), such a motion is premature. (ECF No. 33 at 2). See Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 301–02 (2d Cir. 2021) ("[W]here a 'question [of fact] is in dispute, it [is] improper for the district court to answer it on a motion for dismissal on the pleadings.'") (quoting Sheppard v. Beerman, 18 F.3d 147, 151 (2d Cir. 1994)); Terry v. Charitable Donor Advised Fund, L.P., No. 21 Civ. 11059 (GHW), 2024 WL 382113, at *12 (S.D.N.Y. Feb. 1, 2024) ("[W]hen a plaintiff is the moving party, 'the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery.'") (quoting Flextech Rts. Ltd. v. RHI Ent., LLC, No. 09 Civ. 3462 (DC), 2010 WL 245570, at *2 (S.D.N.Y. Jan. 22, 2010)).

3. In the parties' joint letter certifying the completion of fact discovery (see ECF No. 25 at 4), the parties shall also state whether (i) either party intends to pursue expert discovery and (ii) the parties request a settlement conference with the Court. The parties are reminded that they may request a settlement conference at any time.

The Clerk of Court is respectfully directed to close ECF Nos. 32 and 35.

Dated:  New York, New York
        May 15, 2024

SO ORDERED.

*Sarah L. Cave*
**SARAH L. CAVE**
**United States Magistrate Judge**

2