UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES JOHN GENCARELLI,

                       Plaintiff,

-v-                                        CIVIL ACTION NO. 23 Civ. 8438 (AT) (SLC)

TOTO USA INC.,                             **ORDER**

                       Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

Pro se Plaintiff James Gencarelli ("Mr. Gencarelli") brings this negligence action against Defendant Toto USA, Inc. ("Toto"), a Japanese toilet manufacturer, seeking damages for injuries he allegedly sustained from "[a] defect in the flushing apparatus" of a toilet installed by Toto. (ECF No. 1). Before the Court are Mr. Gencarelli's motions (i) for "the appointment of an expert witness" pursuant to Federal Rule of Evidence 706 (ECF No. 38 (the "Expert Witness Motion")), and (ii) for leave to amend his complaint (ECF No. 1 (the "Complaint")) to add a jury demand (ECF No. 39 (the "Motion to Amend," with the Expert Witness Motion, the "Motions")). Toto has not opposed or otherwise responded to the Motions, despite the Court's directive to respond to the Motion to Amend. (ECF No. 40).

For the reasons set forth below, the Expert Witness Motion is DENIED and the Motion to Amend is GRANTED.

1. **Expert Witness Motion**

"Rule 706 of the Federal Rules of Evidence allows the Court to appoint an expert witness." Illescas v. Annucci, No. 21 Civ. 8473 (NSR), 2023 WL 2992471, at *1 (S.D.N.Y. Mar. 14, 2023)

(citing Fed. R. Evid. 706(a)).[1]  "Federal Rule of Evidence 706 . . . applies only to [the] appointment of a neutral expert, not of an expert witness for [a party's] own benefit."  Howze v. Canan, No. 14 Civ. 297 (BMC) (PK), 2020 WL 13180017, at *1 (E.D.N.Y. Aug. 20, 2020) ("Howze I"), objections overruled, 2020 WL 13180018 (E.D.N.Y. Dec. 3, 2020) ("Howze II").  "The appointment of an expert is not commonplace and is within the court's discretion."  Howze II, 2020 WL 13180018, at *2.  "[M]ost judges view the appointment of an expert as an extraordinary activity that is appropriate only in rare instances."  Illescas, 2023 WL 2992471, at *1; see In re Joint E. & S. Districts Asbestos Litig., 830 F. Supp. 686, 693 (E.D.N.Y. 1993) (noting as an example that "[t]he work of such experts is especially critical in dealing with complex mass tort problems").

Mr. Gencarelli has not established a basis for a court-appointed expert.  He claims that, "[a]s a pro se plaintiff, [he] face[s] significant challenges in presenting the technical and specialized evidence necessary to support [his] claims[,]" which "involve 'Objective data'" and "require an expertise beyond [his] knowledge and capabilities."  (ECF No. 38 at 1).  "This is not a neutral purpose; appointing an expert would instead be solely for [Mr. Gencarelli]'s benefit" and, as such, "is not appropriate for appointment under Rule 706."  Howze II, 2020 WL 13180018, at *2 (overruling objections to the denial of motion for appointment of expert by pro se plaintiff, who sought "an expert to 'establish[ ] general & specific' causation as to injuries [he] suffered").  Accordingly, the Expert Witness Motion is denied.

2. **Motion to Amend**

The Federal Rules of Civil Procedure require that a party seeking a jury trial must demand a jury no later than 14 days after service of the last pleading directed to the issue to be tried.

---

[1] Internal citations are omitted unless otherwise indicated.

Fed. R. Civ. P. 38(b). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d); see Lanza v. Drexel & Co., 479 F.2d 1277, 1310 (2d Cir. 1973) ("Under Rule 38(d), the failure to demand a jury trial within the period designated by Rule 38(b) constitutes a waiver of that right as to all issues raised in the complaint.").

"When a party fails to demand a jury in accordance with Rule 38, the Court may nonetheless order a jury trial, as a matter of discretion under Rule 39(b)." Ptaszek v. YMCA Ret. Fund, No. 02 Civ. 9835 (KMW) (DF), 2004 WL 1900332, at *2 (S.D.N.Y. Aug. 24, 2004); see Fed. R. Civ. P. 39(b) ("[T]he court may, on motion, order a jury trial on any issue for which a jury might have been demanded."). "It is well settled within this Circuit that mere inadvertence in failing to make a timely jury demand is not sufficient for the Court to exercise its Rule 39(b) discretion." Ptaszek, 2004 WL 1900332, at *2 (citing Noonan v. Cunard S.S. Co., 375 F.2d 69, 70 (2d Cir.1967) (only a "showing beyond mere inadvertence" justifies Rule 39(b) relief")). "This principle applies regardless of whether the plaintiff is proceeding pro se." Id. (citing Jones v. Hirschfeld, No. 01 Civ. 7585(PKL), 2003 WL 21415323, at *6 n. 21 (S.D.N.Y. June 19, 2003)).

A party "may also seek leave to make a late jury demand under Federal Rule of Civil Procedure 6(b)[,]" which provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Second Circuit has held that mere inadvertence can constitute "excusable neglect" within the meaning of Rule 6(b)(2), in the context of a plaintiff's failure to demand a jury trial within the time set by Rule 38(b). See Raymond v. Int'l Bus. Machs. Corp., 148 F.3d 63, 66–67 (2d Cir. 1998)

3

(affirming decision to grant a late jury demand where the untimeliness was due to mere inadvertence).

Here, Mr. Gencarelli states that he did not request a jury trial when he filed the Complaint due to "oversight and misunderstanding" and, in particular, that his decision "was influenced by the then-current state of the case and [his] status as a pro se litigant, which limited [his] decision to request a Jury trial." (ECF No. 39 at 3). He also argues that granting the Motion to Amend will not prejudice Toto or unduly delay this case, which remains in discovery. (Id. at 3–4; see ECF No. 25).

"Because [Mr. Gencarelli]'s failure to make a timely jury demand seems attributable to mere inadvertence, []he is not entitled to relief under Rule 39(b)." Ptaszek, 2004 WL 1900332, at *2. "Considering the entirety of the circumstances and the equities of the matter," however, the Court finds that Mr. Gencarelli's failure to demand a jury trial constitutes excusable neglect. Id. at *3. The Court accepts Mr. Gencarelli's statement that he did not demand a jury trial in the Complaint as a result of his "oversight and misunderstanding" stemming from his pro se status. (ECF No. 39 at 3). In addition, Toto has not opposed the Motion to Amend and thus "has not argued that it will, in any way, be prejudiced by the delay, and there is no reason to believe [Toto] would, in fact, be prejudiced if it is now required to try its case before a jury." Ptaszek, 2004 WL 1900332, at *3. Accordingly, Mr. Gencarelli's Motion to Amend his Complaint to add a jury demand is granted. Id.; see Covington v. Westchester Cnty. Jail, No. 96 Civ. 7551(SAS), 1998 WL 642798, at *2–3 (S.D.N.Y. Sept 17, 1998) (allowing a late jury demand under Rule 6(b)(2), even after significant discovery had taken place, where the substantial delay was caused by mere

inadvertence, there was no bad faith by the moving party, and there would be little prejudice to the other party).

The Clerk of Court is respectfully directed to amend the docket to reflect that Mr. Gencarelli demands a jury trial, and to close ECF Nos. 38 and 39.

Dated:     New York, New York
           July 2, 2024

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**